UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBYN BRAGGS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5986** |
| **STATE FARM INSURANCE COMPANY ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] to remand the above-captioned matter to Orleans Parish Civil District Court filed by plaintiff Robyn Braggs ("plaintiff"). Defendant State Farm Fire and Casualty Company ("defendant") opposes the motion.[2] For the reasons that follow, the Court denies plaintiff's motion to remand.

### I. BACKGROUND

On August 25, 2023, plaintiff filed a petition for damages in Orleans Parish Civil District Court.[3] Plaintiff alleges that her property was damaged by Hurricane Ida and subject to an insurance policy issued by defendant.[4] The complaint alleges that defendant failed to make timely payments in breach of the policy and Louisiana law.[5] On October 11, 2023, defendant removed the action to this Court.[6]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 12.
[3] R. Doc. No. 12-1.
[4] *Id.* at 2.
[5] *Id.*
[6] R. Doc. No. 1.

Plaintiff subsequently filed a motion to remand, arguing that this Court lacks subject matter jurisdiction because plaintiff alleges that she signed a stipulation that damages did not exceed $75,000 and mailed it to defendant on October 9, 2023.[7] In response, defendant argues that it did not receive the stipulation, nor did plaintiff provide proof that she ever sent the stipulation.[8] Defendant argues that the stipulation is therefore a post-removal stipulation which is not sufficient to defeat federal jurisdiction because jurisdiction existed at the time of removal.[9]

## II. LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy [exceeds $75,000] and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

The "party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). "To determine whether jurisdiction is present for removal, [courts] consider the

---

[7] R. Doc. No. 8-1, at 2.
[8] R. Doc. No. 12, at 2.
[9] *Id.* at 4.

claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Franco v. Teasdale*, No. CIV.A.06-27554, 2006 WL 2224743, at *1 (E.D. La. Aug. 1, 2006) (Africk, J.) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).[10] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Once a defendant has made such a showing, diversity jurisdiction may be defeated only if the plaintiff demonstrates to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Id.* (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002)); *see also Peters v. USAA Cas.*

---

[10] The Court notes that "Louisiana plaintiffs, however, are ordinarily prohibited from specifying a monetary amount of damages in their state court petitions." *Franco*, 2006 WL 2224743, at *1. Therefore, a removing defendant in Louisiana must prove by the preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

3

*Ins. Co.*, No. CV 23-5300, 2023 WL 7489895, at *1 (E.D. La. Nov. 13, 2023) (Vance, J.).

"'[P]ost-removal [stipulations or] affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal.'" *Id.* (quoting *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). However, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883.

### III. ANALYSIS

As explained previously, plaintiff argues that the Court should remand this case because of a stipulation allegedly signed and mailed to defendant on October 9, 2023.[11] Although the party invoking federal jurisdiction bears the burden, plaintiff provides no evidence of when she signed the stipulation or that she mailed the stipulation to defendant. Along with her motion to remand, plaintiff submitted an undated signed stipulation that the damages complained of are less than $75,000.[12] Defendant argues that this stipulation is insufficient to defeat federal jurisdiction.[13]

The complaint alleges categories of damages, but not specific amounts of damages. Therefore, it is not "facially apparent" that the jurisdictional amount is met. *See Nelson v. Nationwide Mut. Ins. Co.,* 192 F. Supp. 2d 617, 620 (E.D. La. 2001)

---

[11] R. Doc. No. 8-1, at 2.
[12] R. Doc. No. 8-4.
[13] R. Doc. No. 12, at 4.

(Fallon, J.). Accordingly, defendant must prove the amount in controversy exceeds $75,000 by setting forth the facts in controversy that support a finding of the requisite amount. *See Franco*, 2006 WL 2224743, at *3.

With its notice of removal, defendant submitted plaintiff's "Notice of Loss" showing that plaintiff seeks approximately $51,438 pursuant to the policy.[14] Defendant also explains that plaintiff seeks bad faith damages pursuant to Louisiana law which could allow plaintiff to recover the greater of fifty percent on the amount found to be due or one thousand dollars.[15] This alone would meet the amount in controversy, but plaintiff could also recover attorney's fees pursuant to Louisiana law.[16] Plaintiff also seeks to recover an unstated amount for personal property.[17] Therefore, defendant has met its burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, plaintiff can only defeat federal jurisdiction by establishing with "legal certainty" that her recovery will not exceed $75,000. *See Peters*, No. CV 23-5300, 2023 WL 7489895, at *1. "The "legal certainty" standard requires that plaintiff show that state law operates to prevent recovery in excess of the federal jurisdictional amount or that plaintiff is "bound irrevocably" to recover an amount less than the federal jurisdictional amount." *Franco*, 2006 WL 2224743, at *3. Because the amount in controversy is ambiguous, the Court may consider a stipulation attached to

---

[14] R. Doc. No. 1-3.
[15] R. Doc. No. 1, at 5.
[16] *Id.*
[17] *Id.*

plaintiff's motion to determine if jurisdiction existed at the time of removal. *See Gebbia,* 233 F.3d at 883.

Plaintiff has not presented any evidence demonstrating that she signed the stipulation before removal. Because jurisdictional facts are judged at the time of removal, "[a] subsequent unilateral, post-removal stipulation will not deprive the removal court of jurisdiction." *Franco*, 2006 WL 2224743, at *3. "A unilateral stipulation may, however, permit a remand in cases in which the stipulation is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy after removal." *Id.* However, there is no evidence that plaintiff is seeking to clarify an ambiguous petition rather than reduce her recovery amount. Therefore, plaintiff has not established with legal certainty that her recovery will not exceed $75,000.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

New Orleans, Louisiana, December 4, 2023.

```
_____
        LANCE M. AFRICK
   UNITED STATES DISTRICT JUDGE
```

6